# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| SOUTHERN HEALTH PARTNERS, INC., | : : : | |
| Plaintiff, | : : | Civil Action No. 7:10-cv-69 (HL) |
| v. | : : | |
| LAURA BUSBIN, L.P.N., and TRANSFORMHEALTHRX, INC., | : : : | |
| Defendants. | : : | |

## ORDER

Plaintiff Southern Health Partners, Inc., ("Southern Health") filed its complaint on July 23, 2010. The complaint alleges that Southern Health's former employee, Defendant Laura Busbin ("Busbin"), conspired with Defendant Transformhealthrx, Inc. ("Transformhealthrx"). As part of the conspiracy the Defendants agreed that Busbin would quit her job with Southern Health and instead work for Transformhealthrx. They also agreed that Busbin would send Southern Health's clients to Transformhealthrx. According to the complaint, the Defendants carried out the objects of their conspiracy. Southern Health alleges that the Defendants violated Georgia tort law and breached Busbin's employment contract with Southern Health. The asserted basis for subject matter jurisdiction is diversity jurisdiction.

Consistent with this Court's responsibility to examine the subject matter jurisdiction of the cases that come before it, the Court has reviewed the complaint

to determine whether the diversity jurisdictional requirements in this case have been satisfied. See Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000) (requiring that a district court must always answer the question of whether it has subject matter jurisdiction to hear a case, even if no party raises the question of jurisdiction by motion)

Having concluded that the requirements have not been satisfied, the Court orders Southern Health to come forward with evidence showing that diversity jurisdiction is present.

## I. PRESENCE OF FEDERAL QUESTION IN COUNTERCLAIM

The Court must first point out that the presence of a federal claim in the counterclaim is insufficient to establish federal question jurisdiction over the case.

Busbin filed a counterclaim against Southern Health alleging Southern Health violated the Fair Labor Standards Act, a federal statute. Title 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising the . . . law . . . of the United States." To establish federal jurisdiction under § 1331, the federal question must be presented on the face of the plaintiff's properly pleaded complaint. Farrell v. Poythress, 2010 WL 2411502, at *1 (N.D. Ga. May 11, 2010) (citations omitted). If Busbin's claim was asserted in a complaint, then federal question jurisdiction would exist. However, "a counterclaim-which appears as part of the defendant's answer, not as part of the plaintiff's complaint-cannot serve as the basis for 'arising under' jurisdiction." Holmes Group, Inc. v. Vornado Air Circulation

Sys., Inc., 535 U.S. 826, 831, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002) (citations omitted). A defendant may not ordinarily invoke federal question jurisdiction by raising a counterclaim under federal law unless the face of plaintiff's complaint demonstrates that a federal question exists. Farrell, 2010 WL 2411502 at * 1. Thus, under the well-pleaded complaint rule, the presence of Busbin's federal claim does not confer federal question jurisdiction over this case.

The Court must therefore proceed to determine whether diversity jurisdiction is present.

## II.  DIVERSITY JURISDICTION

Diversity jurisdiction is present when the dispute is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

### A.  Diversity of Citizenship

Southern Health's complaint establishes that complete diversity between the parties exists. Southern Health's complaint has properly identified the citizenship of each of the parties. Southern Health, a corporation, is a citizen of Delaware and Tennessee because it is incorporated in Delaware and has its principal of business in Tennessee. See 28 U.S.C. § 1332(c)(1) (explaining a corporation is a citizen of the state where it is incorporated and where it has its principal place of business). Busbin is a citizen of Georgia. Transformhealthrx is incorporated in Georgia and has its principal place of business in Georgia; therefore, it is a citizen of Georgia. Complete diversity of citizenship exists because Southern Health is a different citizen

3

from the Defendants.

Although one component of diversity jurisdiction is satisfied, Southern Health's complaint is lacking on the second component. Southern Health's complaint does not sufficiently allege that the amount in controversy exceeds $75,000. Southern Health will have the opportunity to correct this deficiency by filing a brief containing evidence that the amount in controversy exceeds $75,000.

**B.    Amount in Controversy**

Southern Health's complaint states that its claims are for more than $75,000. However, the only allegations regarding its damages are that it suffered: (1) breach of duty of loyalty damages in excess of $75,000; (2) breach of contract damages in excess of $75,000; (3) tortious interference damages in excess of $75,000; (4) conspiracy damages in excess of $75,000; and (5) an unspecified amount of attorneys' fees.

Generally, the court should defer to the value the plaintiff places on his claim. Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003). Ordinarily, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Id. at 807 (citation omitted). "However, where jurisdiction is based on a claim for indeterminate damages, the Red Cab Co. 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Id.

Indeterminate damages are those that are not given a dollar amount. Id. ("McKinnon did not and has not placed any dollar amount on the various damages it is seeking under its bad faith claim. Therefore, the damages McKinnon prays for under the bad faith claim are indeterminate.").

To prove damages by the preponderance of the evidence the party seeking federal jurisdiction must do more than conclusorily assert that the amount in controversy exceeds $75,000. Failure to quantify the amount of loss can constitute speculation, which is insufficient to satisfy the plaintiff's burden. Bradley v. Kelly Services, Inc., 224 Fed. App'x 893, 895 (11th Cir. 2007).

In this case, Southern Health is asking for an indeterminate amount in damages because it has not placed a dollar value on any of its claims. Thus, it is now incumbent upon it to come forward with evidence sufficient to show by a preponderance of the evidence that its claims meet the jurisdictional minimum.

To show the damages it has suffered, Southern Health is to present evidence on the amount of its claimed damages for breach of contract and its other tort claims. If it fails to support its claims with evidence on the amount of the damages, the complaint will be dismissed for lack of jurisdiction.[1]

---

[1]Sometimes the allegations in a complaint for indeterminate damages facially establish the jurisdictional requirements. In those cases, a Court relies on its judicial experience and common sense to determine that the claims satisfy the amount in controversy requirement. Roe v. Michelin N. Am., Inc., 613 F.3d 1064 (11th Cir. 2010). In this case, however, the allegations in the complaint lead the Court nowhere. The possible range of damages is large. To estimate the amount of damages would be to speculate. Thus, the Court is providing the Plaintiff an opportunity to support its claims

Accordingly, Southern Health is ordered to file with this Court, no later than October 22, 2010, evidence sufficient to show by a preponderance of the evidence that its claims exceed more than $75,000. Southern Health shall file a brief with exhibits. The Defendants have until October 29, 2010, to respond. If Southern Health wishes to file a reply, then it must seek the Court's permission to do so. The Court's Rules 16/26 Order will not issue until the Court determines it has subject matter jurisdiction over the case.

**SO ORDERED**, this the 13th day of October, 2010.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

lmc

---

with facts showing that the amount in controversy exceeds $75,000.